UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Johnnie Grimsley
    Movant

                                    Civ. No. 8:21 cv 1254 MSS-CPT
vs                                  CRIM. NO. 8:17-cr-00253-MSS-CPT-3

UNITED STATES OF AMERICA
    Respondent

MOTION TO VACATE CONVICTION PURSUANT TO 28 U.S.C. 2255

Mr. Johnnie Grimsley, the Movant, acting Pro-Se, ask the court to vacate his conviction and judgement should be set aside pursuant to 28 U.S.C 2255. As explained below, movant's conviction under 18 U.S.C. 922(g) without the mens rea and penalty statue 924(a)(2) should be vacated in light of the Supreme Court's recent decision in Rehaif vs. United States, ___ U.S. ___ 139. S.Ct 2191 (2019)

GROUNDS FOR RELIEF

Mr. Johnnie Grimsley conviction should be vacated because his Due Process Rights were violated when the government failed to charge the statue § 924(a)(2) in the charging indictment. Specifically, stating the obvious "Knowledge element" required by the Rehaif Court 139 S.Ct 2191 (2019). But mainly omitting the statue which the essential element is attached. Therefore, not charging the Movant with an "actual" crime against the laws of the United States. [U.S. v Meacham, 626 F.2d 503 (5th cir 1980)] [U.S. v Izurieta 710 F.3d 1176 (11th cir 2013)]

(page 1)

I. CONGRESS CREATED THE F.O.P.A. (Firearm Owner Protection Act) VERSION OF 922(g)(1) and 924(a)(2) STATUES

When Congress adopted the F.O.P.A act in 1986 and 1988, it amended statues 922 and its penalty provision 924(a)(2). THE AMENDED 924(a) statue was added with the mens rea (Knowledge element). Making 924(a)(2) proof that the defendant acted "Knowingly", which is an essential ELEMENT OF THE SUBSTANTIVE OFFENSES to which the 924(a) penalties apply, including ALL 922 offenses. See Pub. L. 99-308 §104(a), 100 stat. 449, 456 (1986). Johnnie Grimsley argues that Congress' insertion of the word "Knowingly" in 924(a)(2) as amended in 1986, mandates that the government must prove and charge along with the statue 922(g) in the INDICTMENT IN ORDER TO SEEK A CONVICTION. 922 makes it unlawful to do a number of different acts involving firearms, but does not itself authorize the imposition of any criminal penalties for those acts. That task is left up to 924(a), which serves as the "basic" penalty provision FOR ALL 922 offenses, and to 924(e); 924(f); and 924(i)(1), which authorize the imposition of penalties greater than those otherwise available under 924(a) for certain 922 offenses. THE MENS REA language in AMENDED 924 statue, which is THE ONLY provision in the FEDERAL CODE Authorizing imposition of criminal penalties for acts declared unlawful by 922, was designed to impose Mens rea requirements upon ALL THE 922 offenses [ U.S. v Sherbondy, 865 F.2d at 1001 (9th cir 1988)]

II. THE SUPREME COURT Abrogated longstanding 11th circuit precedent by "expanding" THE Knowledge Requirements of 924(a)(2) IN ALL 922(g) Offenses

THE F.O.P.A version of 924(a), provided penalties for violations of Title 44 committed either "Knowingly" or "Willfully". Id (codified until amended in 1988 at 18 U.S.C. 924(a)). THE F.O.P.A penalty provision applicable to 922(g) provided "whoever .... Knowingly violated subsection ....(g). In 1988, Congress amended 924(a) increasing the term of imprisonment for among other things, certain "Knowing" violations including violations of 922(g). See Pub L. 100-690 §6466 102 stat 4374 (currently codified at 18 U.S.C. 924(a)(1) and (2))

(page 2)

In A prosecution under 18 U.S.C. 922(g) which prohibited certain persons, Including aliens and felons from possessing firearms and 924(a)(2) which penalizes Knowing violation of 922(g). Whereas the government had to prove the defendant knew that he, #1) possessed firearm and #2) belonged to relevant 922(g) category. In other words, an individual is not Guilty of violating 922(g) unless he's also charged with the Statue 924(a)(2), having Knowledge of his prohibited status within one of the nine categories under the statue at the time he possess a firearm.

(*Note) The issue of NOT charging the 924(a)(2) statue has not been argued in no circuit cases as of yet. So these abrogated cases does not raise these very important necessary, logical consequence of the "Rehaif Knowledge-of-Status holding".

In so holding, Rehaif abrogated longstanding __11th__ circuit precedent (as well as that of every federal Court of Appeals) holding that a defendant's Knowledge of his prohibited status is not an ELEMENT of A 922(g) Offense. 139 S.Ct 2196.
U.S. v Jackson, 120 F.3d 1226 (11th cir 1997); U.S. v Games-Perez 667 F.3d 1136, 1148 (10th cir 2012); Langley v U.S. 62 F.3d 602, 606 (4th cir 1995)(en banc); U.S. v Huet 665 F.3d 588, 596 (3rd cir 2012) U.S. v Rose, 587 F.3d 695, 705-06 & n.9 (5th cir 2009); U.S. v Bryant, 523 F.3d 349, 354 (D.C. cir 2008) Olender v U.S., 338 F.3d 629, 637 (6th cir 2003); U.S. v Lane 267 F.3d 715, 720 (7th cir. 2001); U.S. v Kind 194 F.3d 900, 907 (8th cir 1999); Miller v U.S. 105 F.3d 525, 555 (9th cir 1997); Smith v U.S. 940 F.2d 710, 713 (1st cir 1991)

## III. INDICTMENT FAIL TO CHARGE A CRIME DUE TO MISSING ELEMENT OF KNOWLEDGE AND THE STATUE 924(a)(2) THAT CONTAINS THE ELEMENT

Movant is claiming that the "Essential" Statue and a "Relevant" Element that the STATUE CARRIES is missing and is "Functional Equivalent of failure to charge a crime". Mr. Johnnie Grimsley could not

(page 3)

raise this issue because of prior circuit precedent. THE topic of Knowledge being an ELEMENT was NOT important. THus because of the Rehaif Court, 924(a)(2) statue has come under the Microscope. But Mr. Grimsley is challenging that his INDICTMENT was missing one of two NECESSARY statues to convict. THE missing ELEMENT (which comes from the missing statue) was NOT fixed by reference to only one - 18 U.S.C. 922(G) of the two Required statues, since the other, 18 U.S.C. 924(a)(2) - contained the missing element. Movant is raising it as a necessary, logical consequence of the Rehaif's Knowledge-of-status holding. A reference to A statue can NOT "CURE" the the omitted ELEMENT nor the missing statue as A whole! THE statue that Congress attached the Mens rea and penalty for all 922 offenses was not charged in Movant's Indictment. Therefore not charging a crime against the laws of THE United States. Plain language of 924(a)(2) unambiguously requires the government to prove Knowledge of felonious status to obtain a conviction under 922(G)(1) even if the government seeks the Enhance penalty of 924(e). Since 924(e) does not contain an express mens rea, and does not require that the 922(g) violation be done "Knowingly". This could not have been the intentions of CONGRESS. To subject a defendant to a minimum of 15 years in prison for traveling or possessing a firearm he did not know he had. Rather, it seems clear that 924(e)(1) simply Enhances the penalties provided by the other subsections of 924 for violations of 922(g) and that such violations require the defendant to have acted Knowingly. The act of violating 922(g) with three or more priors, is still a subsection of 922(g). Therefore the mens rea requirement that Congress adopted in the Amended to 924(a)(2) applies to ALL acts declared Unlawful under 922. In essence, Knowledge is not required only when 924(e) is sought, but when any violation of all 922 offenses. This gives 924((a)(2)) its plain meaning. It would be Questionable to read 924(e) as containing a greater Mens rea requirement than 924(e) when the latter provision carries harsher sentences.

(page 4)

## IV. FIFTH AND SIXTH AMENDMENT VIOLATION

No one shall be held to answer for a capital or otherwise infamous crime unless on Presentment or Indictment of A Grand Jury. And be informed of the nature and cause of the accusation (5th and 6th Amend.) MR Johnnie Grimsley nor the Grand Jury was put on Notice on the statue of 924(e)(2) or (e). 924(e), which is the Enhanced statue should be decided by a petit Jury. Thus, depriving Mr. Grimsley the right to prepare a proper defense. THE government's _____ to the missing element/statue does not cure the fact the missing element/statue was not brought before the Grand Jury nor a Petit Jury.

## V. Rehaif is Retroactively Applicable to Johnnie Grimsley case

Rehaif is retroactively applicable here. Under [Teague v U.S. 489 U.S. 288 (1989)] a Supreme Court decision applies retroactively to cases on collateral review if it announces a rule that is "substantive". [Welch v U.S. __ U.S. __ 136 S.Ct. 1257, 1264 (2016)] A decision is "substantive if it "Alters the range of conduct or the class of persons that the law punishes" at 1264-65 (citation omitted) "This includes decisions that narrow the scope of a criminal statue by interpreting its terms". Id at 1265 (citation omitted) Rehaif is exactly such decision. Before Rehaif, the lower Courts, including the 11th circuit had interpreted 922(g) and 924(e)(2) to punish the possession of Firearms by individuals who fell within a prohibited class, even if they didn't know that they fell within the prohibited class at the time they possessed the firearm. Rehaif narrowed the scope of 922(g) and 924(e)(2) by interpreting it to require knowledge of one's prohibited status at the time a firearm is possessed. By altering the range of conduct and class of persons punishable under 922(g) and 924(e)(2). Rehaif announced a substantive Rule that is Retroactive (page 5)

## RELIEF REQUESTED

The failure to give Notice and the violation of the Grand Jury Clause and the violation to be informed of the nature of the charges against you, both violations are of your Constitutional Rights. The government's failure to give notice of and establish All Elements of 922(g) and 924(a)(2). Failure to charge one of two of the required statues to convict is a structural error that does not require a showing of prejudice. Because the Indictment is Insufficient to charge a crime against the laws of the United States. Movant claims he's "Actually Innocent" and he's being held unlawfully and unconstitutionally without commiting A CRIME that has any punishments Affix to it. Therefore, in violation of Movants 4th, 5th, 6th, 8th, 13th, and 14th Amendments Rights. While Movant have NEVER been duly convicted, his incarceration is Involuntary servitude (13th AMEND). Whereas, the government is in violation of Movant's Due Process Rights. Because these errors are constitutional, Mr. _____ is entitled to relief under 28 U.S.C. 2255(a), and his conviction should be vacated. Together with the above government's failures and to add also the case of United States vs Lockhart, 947 F.3d 187 (4th Cir 2020)(en banc) decision, combined, is THE GREATEST MISSCARRIAGE of JUSTICE. Therefore Vacatur is expectant.

THEREFORE, THE MOVANT PRAYS THIS HONORABLE COURT WILL GRANT HIM A HEARING IN THE ABOVE MOTION AND GRANT SAID MOTION PURSUANT TO 28 U.S.C. 2255 TO VACATE.

ON this day of May 20th 2021

Johnnie Grimsley Jr
MOVANT, ACTING PRO-SE

page 6