UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOHNNIE CHARLES GRIMSLEY, JR.,**

    Movant,

v.

    **Civil Case No. 8:21-cv-1254-MSS-CPT**
    **Crim. Case No. 8:17-cr-253-MSS-CPT**

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**O R D E R**

Before the Court is Johnnie Charles Grimsley, Jr.'s motion for leave to amend his amended motion under 28 U.S.C. § 2255 to add a claim under *Bruen*.[1] (Civ. Doc. 24) In response, the United States moves to dismiss Grimsley's motion for leave to amend. (Civ. Doc. 25) Grimsley filed a response to the United States' motion to dismiss. (Civ. Doc. 27) For the reasons explained below, Grimsley may not amend his amended § 2255 motion to add a *Bruen* claim because such proposed amendment would be futile.

**I.  Background**

Grimsley initiated this action under 28 U.S.C. § 2255 to vacate his convictions for aiding and abetting the possession of a firearm by a convicted felon and aiding and abetting the possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Civ. Doc. 1; Crim. Doc. 1) A jury found

---

[1] *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 10, 142 S. Ct. 2111, 2122 (2022).

Grimsley guilty of both crimes. (Crim. Doc. 144) Grimsley was sentenced as an armed career criminal to 120 months' imprisonment. (Crim. Doc. 178) Grimsley appealed, and the Eleventh Circuit affirmed his convictions. *United States v. Grimsley*, 808 F. App'x 865 (11th Cir. 2020).

Grimsley initiated this action on May 21, 2021, was permitted to amend his original § 2255 motion, and now proceeds on his amended motion under § 2255. (Civ. Doc. 19) He challenges his conviction on six grounds including claims of ineffective assistance of counsel, among other claims. The United States opposes the relief Grimsley seeks in his amended § 2255 motion (Civ. Doc. 20), and Grimsley replied (Civ. Doc. 21).

## II.   Discussion

Grimsley now seeks to amend his amended § 2255 motion to add a claim that his 18 U.S.C. § 922(g) convictions violate the Second Amendment after *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 10, 142 S. Ct. 2111, 2122 (2022), which holds that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." (Civ. Doc. 24) Grimsley argues that "with the framework announced in *Bruen*, section 922(g)(1) violates [his] Second Amendment right to keep and bear arms." (*Id.* at 5) He further argues that *Bruen* abrogates *United States v. Rozier*, 598 F.3d 768, 772 (11th Cir. 2010), in which the Eleventh Circuit held that § 922(g)(1) does not violate the Second Amendment.

The United States responds to Grimsley's motion to amend by filing a motion to dismiss. (Civ. Doc. 25)  The United States argues that Grimsley's proposed *Bruen* claim is untimely, procedurally defaulted, and meritless.

Leave to amend should be freely given "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Id*. at 1262–63; *see Harris v. United States*, 808 F. App'x 849, 852 (11th Cir. 2020)[2] (affirming the denial of leave to amend a § 2255 motion to add new claims because "an amendment would have been futile").

Grimsley may not amend his amended § 2255 motion to add a *Bruen* claim because such proposed claim would be futile.  After the parties fully briefed the issue of whether Grimsley should be permitted to amend to add a *Bruen* claim, the Eleventh Circuit issued its decision in *United States v. Dubois*, __ F.4th __, No. 22-10829, 2024 WL 927030 (11th Cir. Mar. 5, 2024), which squarely forecloses Grimsley's proposed *Bruen* claim.  In *DuBois*, the Eleventh Circuit explicitly rejected the argument Grimsley intends to pursue with his proposed amendment.  *DuBois* holds that the Eleventh Circuit's prior precedent in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), in

---

[2] "Unpublished opinions are not considered binding precent, but they may be cited as persuasive authority."  11th Cir. R. 36-2; *see also United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000) (same).

3

which the circuit court upheld the constitutionality of § 922(g)(1), remains good law. *See Dubois*, 2024 WL 927030, at *5 ("*Bruen* did not abrogate *Rozier*.").

Here, Grimsley stipulated that he "had previously been convicted of . . . a felony offense" and that his right to possess firearms and ammunition had not been restored. (Crim. Doc. 145-7)  Consequently, because § 922(g)(1) constitutionally prohibited Grimsley, a felon whose right to possess firearms and ammunition had not been restored, from possessing firearms and ammunition, his *Bruen*-based Second Amendment claim lacks merit.  *See Boatwright v. United States*, No. 8:23-cv-2910-MSS-TGW, 2024 WL 1012960, at *3–4 (M.D. Fla. Mar. 8, 2024) (relying on *DuBois* to hold that the petitioner's Second Amendment claim lacked merit because § 922(g) constitutionally prohibited the petitioner, who was a felon, from possessing a firearm); *United States v. Pierre*, No. 23011604, 2024 WL 1070655, at *1 (11th Cir. Mar. 12, 2024) (relying on *DuBois* to affirm the defendant's § 922(g) conviction because defendant's Second Amendment argument lacked merit post-*Bruen*).  As a result, Grimsley may not amend his amended § 2255 motion because his proposed *Bruen* claim would be futile.  *See Harris*, 808 F. App'x at 852.

### III.   Conclusion

Accordingly, because Grimsley seeks to amend his amended § 2255 motion with a futile claim, his motion for leave to amend his amended § 2255 motion (Civ. Doc. 24) must be **DENIED**. The United States' motion to dismiss (Civ. Doc. 25) is **DENIED AS MOOT**.

4

**DONE AND ORDERED** in Tampa, Florida, this 2nd day of April, 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE